**Vincent COOK, Petitioner**

v.

**David L. WINN, Respondent.**

**Civil Action No. 06–40154–WGY.**

United States District Court,
D. Massachusetts.

Feb. 6, 2007.

Vincent Cook, Ayer, MA, Pro se.

Jennifer C. Boal, United States Attorney's Office, John Joseph Moakley Federal Courthouse, Boston, MA, for Respondent.

MEMORANDUM AND ORDER

YOUNG, District Judge

## I. INTRODUCTION

### A. Procedural Posture

Petitioner Vincent Cook ("Cook") is an inmate at the Federal Medical Center in Devens, Massachusetts ("FMC–Devens"). Respondent David Winn ("Winn") is the warden at FMC–Devens. Cook files this petition for habeas corpus to challenge the execution of his sentence after exhaust-

his administrative remedies through the Bureau of Prisons ("BOP"). Resp't Resp. to Pet. for Habeas Corpus [Doc. No. 4] ("Response") at 4. Cook's request that his sentence be re-computed was denied first by Winn and subsequently by regional and central administrative appeal bodies. *Id.* at 4–5. Neither party denies that Cook has exhausted administrative remedies. *Id.* at 4; Pet. for Writ of Habeas Corpus [Doc. No. 1] ("Petition") at 4–5.[1]

### B. Facts

#### 1. Background

Cook was arrested on January 5, 2003, pled guilty to a drug possession charge in the Superior Court of the District of Columbia, and was sentenced to 20 months' imprisonment (the "D.C. sentence"). Petition at 1; Response at 2. Cook was serving this sentence when he was indicted in the District of South Carolina on a federal drug conspiracy charge arising out of the same conduct. He was taken into federal custody on March 3, 2004 and pled guilty to the federal drug conspiracy charge. Petition at 1–2. While still in federal custody and awaiting sentencing on the federal charge, Cook's D.C. sentence expired on July 13, 2004. *Id.* at 2. On September 15, 2004, Judge Henry M. Herlong, Jr. of the District of South Carolina imposed the 70 month federal sentence Cook is now serving. Judge Herlong ordered this 70 month federal sentence served concurrently with the D.C. sentence that Cook was presently serving even though that sentence had already expired. *Id.;* Petition, Ex. B.

1. Cook also argues that exhaustion is futile, but it is unnecessary to consider this argument as there is no contention that he did not exhaust his remedies within the prison system.

#### 2. Computation of Cook's Sentence

Cook claims that he should receive credit against his federal sentence for time served since at least March 3, 2004, the date he was placed in federal custody. Petition at 2. The basis for this claim is that the sentence was ordered to be "served concurrently." *Id.,* Ex. B.

The BOP, however, has awarded Cook credit for time served since July 13, 2004, the date the D.C. sentence expired. Response at 3–4.[2] Winn states that Cook was not awarded any credit for time prior to this date because the BOP was precluded by 18 U.S.C. § 3585(b) from crediting against his federal sentence time previously credited to another sentence. *Id.* at 4–5. Winn calculates Cook's projected release date as August 11, 2009. *Id.* at 4.

### C. Federal Jurisdiction

Winn does not challenge the Court's jurisdiction over this petition. *Id.* at 6. Cook is challenging the "execution" of his sentence, a claim properly brought pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255. *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir.1999).

## II. DISCUSSION

This case presents the Court with the difficult task of construing what Judge Herlong meant when he imposed a term of imprisonment to be "served concurrently" with the sentence that Cook was "presently serving in the District of Columbia." This Court does not sit in review of what Judge Herlong has done; rather, this

2. Cook overstates his predicament, claiming that he has received *no* credit for time served. Petition at 2–3. He did, however, receive credit for time held in federal custody, after the expiration of his D.C. sentence and prior to his federal sentencing on September 15, 2004. Response at 3–4.

Court exercises jurisdiction merely to give effect to the sentence that Judge Herlong imposed.

Winn asserts that because Cook's D.C. sentence had expired prior to the imposition of the federal sentence, it was impossible for the two sentences to run concurrently. In contrast, Cook appears to assert that Judge Herlong meant to impose a retroactively concurrent sentence. According to this interpretation, Judge Herlong imposed a 70 month federal sentence with the intention that Cook be credited for the 20 months that he served pursuant to the D.C. sentence.

Cook's argument ignores, however, Judge Herlong's command that the federal sentence be served concurrently with the sentence that Cook was *presently* serving in the District of Columbia. Judge Herlong's choice of the word "presently" suggests that Judge Herlong did not intend for the sentences to run concurrently on a retroactive basis. Rather, the use of the word "presently" indicates that Judge Herlong intended for the two sentences to run concurrently to the extent that they overlapped. Since there was no overlap, the sentences cannot run concurrently.[3]

Having construed the sentence, this Court will now address Cook's statutory argument. Cook argues that he was denied due process because the BOP did not follow the command of 18 U.S.C. § 3584 and Federal Sentencing Guidelines § 5G1.3. Section 3584 states that "if a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a) (emphasis added). Section 5G1. 3(c) states that "[i]n[a] case involving an *undischarged* term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term ... to achieve a reasonable punishment." U.S. Sentencing Guidelines Manual ("Guidelines") § 5G1.3(c) (2004) (emphasis added). These provisions merely would have given Judge Herlong the authority to impose a federal sentence that ran concurrently with the D.C. sentence had Cook not already completed that sentence. Since Cook had in fact discharged the D.C. sentence, these provisions are inapplicable.

The relevant statutory provision is 18 U.S.C. § 3585, which Winn entirely relies on to support the BOP's computation of credit for time served. Response at 8–9. Under section 3585(b), the BOP "shall" award credit for time served in official detention "as a result of the offense for which the sentence was imposed[ ] or as a result of any other charge ... that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1)(2). Pursuant to this section, Cook has been granted credit for time spent in federal custody prior to the imposition of his federal sentence, but after the conclusion of his D.C. sentence, because the time served while in federal custody prior to July 13, 2004, was "credited against [the D.C.] sentence." The statute does not require the BOP to credit the time that Cook served pursuant to the D.C. sentence.

## III. CONCLUSION

Cook's confusion about the terms of his federal sentence is understandable. Nevertheless, for the foregoing reasons, his petition must be, and hereby, is DENIED.

SO ORDERED.

[redacted]

3. Judge Herlong may have believed that Cook was still serving out the D.C. sentence because that sentence did not expire until after Cook pled guilty to the federal count.